```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| DAVID GÓMEZ-OLMEDA, **Plaintiff,** v. UNITED STATES OF AMERICA, **Defendant.** | **CIVIL NO. 20-1152 (RAM)** |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is David Gómez-Olmeda's successive *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("*Successive Motion*"). (Docket No. 2). Having considered the arguments of the parties, the Court **DENIES** Petitioner's *Second Motion*. (Docket Nos. 2, 8, 11, 13 and 16). No certificate of appealability issue as Petitioner's *Second Motion* fails to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). In accordance with Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may still seek a certificate directly from the United States Court of Appeals for the First Circuit ("First Circuit").

Case 3:03-cr-00073-RAM   Document 346   Filed 02/26/21   Page 2 of 19
Case 3:20-cv-01152-RAM   Document 18   Filed 02/26/21   Page 2 of 19

Civil No. 20-1152 (RAM)                                            2

## I. BACKGROUND

**A. Criminal Case No. 03-cr-0073-1 (JAF)[1]**

On March 12, 2003, a Grand Jury returned the original indictment in Case No. 03-cr-0073-1 (JAF). (Docket No. 7). The 6-count indictment charged Petitioner David Gómez-Olmeda ("Petitioner" or "Gómez-Olmeda") and co-defendants Miguel Forteza-García and Angel Forteza-García with robbing and murdering A.V.G., a confidential informant. Id. Count One charged violations of 18 U.S.C. §§ 2114 and 2 (assault with intent to rob or robbery of mail, money or other property of the United States). Id. at 1. Count Two charged violations of 18 U.S.C. § 2112 and 2 (robbery or attempted robbery of personal property of the United States). Id. at 2. Count Three charged violations of 18 U.S.C. §§ 924(j) and 2 (use of firearm in connection with a crime of violence resulting in death of a person). Id. at 2-3. Count Four charged violations of 18 U.S.C. § 844(f)(1) and 2 (destruction or attempted destruction by fire of a vehicle owned, possessed or leased by the United States). Id. at 3. Count 5 charged violations of 18 U.S.C. §§ 1361 and 2 (injury or depredation against any property of the United States). Id. at 3-4. Count Six charged a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (felon in possession of a firearm). Id. at 4-5.

---

[1] Any reference to a docket entry in this section will only refer to docket entries in Criminal Case No. 03-0073-1.

Case 3:03-cr-00073-RAM   Document 346   Filed 02/26/21   Page 3 of 19
Case 3:20-cv-01152-RAM   Document 18   Filed 02/26/21   Page 3 of 19
Civil No. 20-1152 (RAM)                                                3

On November 12, 2003, Petitioner entered a straight plea to the original Indictment in Criminal Case No. 03-cr-0073-1 pursuant to a plea agreement. (Docket Nos. 7 and 156). Judgment was entered on September 29, 2004 and Gómez-Olmeda was sentenced to life in prison by Judge José A. Fusté. (Docket No. 250). If ever released, Petitioner is subject to concurrent supervised release terms of five (5) years as to Counts 1 and 3, and three (3) years as to Counts 2, 4, 5, 6. Id.

### B. Civil Case No. 20-1152(RAM)

On or about June 29, 2016, Petitioner sought leave from the First Circuit to pursue "a second or successive 28 U.S.C. § 2255 motion featuring a challenge to one or more 18 U.S.C. § 924(c)/(j) conviction(s) based on Johnson v. United States, 135 S. Ct. 2251 (2015)." (Docket Nos. 1 and 2). On March 13, 2020, the First Circuit issued its judgment authorizing Petitioner to "pursue in the district court a challenge to his § 924(c)/(j) convictions(s) based on Davis, Johnson II, and related precedent." (Docket No. 1 at 1). Gómez-Olmeda filed his *Successive Motion* on the same date. (Docket No. 2).

In his *Successive Motion*, Petitioner contends that his conviction for Count Three must be vacated. (Docket No. 2). According to Petitioner, the predicate crime underlying the Section 924(c) and (j) and 2 convictions, 18 U.S.C. § 2114(a) (assault and robbery of money or property of the United States or

Case 3:03-cr-00073-RAM   Document 346   Filed 02/26/21   Page 4 of 19
Case 3:20-cv-01152-RAM   Document 18   Filed 02/26/21   Page 4 of 19

Civil No. 20-1152 (RAM)                                              4

"postal robbery") is not "a crime of violence" under Section 924(c)(3)(A) (the "force clause"). Id. at 1, 5. In response, the Government posits that 18 U.S.C. § 2114(a) is a divisible statute with an aggravated offense that is categorically a "crime of violence" under the "force clause" because it includes the elements of wounding, a "dangerous weapon", and putting a life it danger. (Docket No. 8 at 6-8). Moreover, it cites persuasive precedent from this District and several Courts of Appeals beyond the First Circuit which have reached similar conclusions. Id. at 8. The Government further posits that Defendant pled guilty to the aggravated offense in 18 U.S.C. § 2114(a). Id. at 5-6. Lastly, the Government argues that it is "of no moment" that Petitioner pled guilty to aiding and abetting. Id. at 9. The Court agrees with the Government for the reasons set forth below.

First, 18 U.S.C. § 2114(a) is a divisible statute with an aggravated offense that provides for enhanced penalties when a victim is wounded, or the victim's life is put in jeopardy using a dangerous weapon. Persuasive precedent from several United States Courts of Appeals and the United States District Court for the District of Puerto Rico ("District of Puerto Rico") have held that the aggravated offense in 18 U.S.C. § 2114(a) **constitutes a "crime of violence"** under Section 924(c)(3)(A)'s "force clause."

Second, application of the modified categorical approach and the resulting examination of the Indictment and the plea colloquy

Case 3:03-cr-00073-RAM   Document 346   Filed 02/26/21   Page 5 of 19
Case 3:20-cv-01152-RAM   Document 18   Filed 02/26/21   Page 5 of 19

Civil No. 20-1152 (RAM)                                              5

confirms that Petitioner **pled guilty** to the aggravated offense in 18 U.S.C. § 2114 (a).

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner in custody under a sentence of a Federal Court may move the Court that imposed sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack.

A petitioner's post-conviction request for relief "must show that his sentence 'reveal[s] fundamental defects which, if uncorrected, will result in a complete miscarriage of justice.'" Gandia-Maysonet v. United States, 2020 WL 5646457, at *2 (D.P.R. 2020) (quoting Lebron Ortiz v. United States, 2015 WL 2400746, at *2 (D.P.R. 2015)). Thus, the petitioner bears the burden of establishing the defect. Id.

Likewise, "[w]hen a petition is brought under section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing." U.S. v. McGill, 11 F.3d 223, 225 (1st Cir. 1993) (citations omitted). To determine whether the petitioner has met this burden, "the court must take many of petitioner's factual averments as true," but it need not "give weight to conclusory allegations, self-interested characterizations, discredited

Case 3:03-cr-00073-RAM   Document 346   Filed 02/26/21   Page 6 of 19
Case 3:20-cv-01152-RAM   Document 18   Filed 02/26/21   Page 6 of 19

Civil No. 20-1152 (RAM)                                              6

inventions, or opprobrious epithets." Id. (citation omitted). A hearing on such a petition "generally is not necessary when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974). Simply put, a Section 2255 motion "'may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.'" McGill, 11 F.3d at 226 (quoting Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984)) (internal quotation omitted).

### III. DISCUSSION

No hearing has been requested or is necessary in this case because the *Successive Motion* presents **only legal issues** and does not require resolving any disputed factual issues. *See* Gandia-Maysonet, 2020 WL 5646457, at *2 (quoting Miller v. United States, 564 F.2d 103, 106 (1st Cir. 1977)) ("Where there are no disputed facts crucial to the outcome, leaving only questions of law, [§] 2255 does not require a hearing; the motion may be decided [...] without oral presentation.").

**A. Section 924 (C)(3)(A) and the approaches to analysis of whether a predicate offense is a "crime of violence".**

Section 924(c)(1) provides for enhanced penalties to:

Case 3:03-cr-00073-RAM   Document 346   Filed 02/26/21   Page 7 of 19
Case 3:20-cv-01152-RAM   Document 18   Filed 02/26/21   Page 7 of 19
Civil No. 20-1152 (RAM)                                              7

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm[.]

18 U.S.C. § 924(c)(1). Furthermore, Section 924(c)(3) contains two definitions of the statutory term "crime of violence." A "crime of violence" is one that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924 (c)(3). Section 924(c)(3)(A) is known as the "**force clause**". *See* United States v. Rose, 896 F.3d. 104, 106 (1st Cir. 2018). Whereas section 924(c)(3)(B) is known as the "residual clause." Id. The Court need not dwell on subsection "B" as it has been declared unconstitutional. See United States v. Davis, 139 S. Ct. 2319, 2233 (2019).

As explained by the First Circuit, the first step in determining whether a statute is a "crime of violence" under Section 924(c)(3)(A)'s force clause, is to ascertain "whether the criminal statute of the predicate offense is indivisible or divisible." King v. United States, 965 F.3d 60, 65 (1st Cir. 2020).

Case 3:03-cr-00073-RAM   Document 346   Filed 02/26/21   Page 8 of 19
Case 3:20-cv-01152-RAM   Document 18   Filed 02/26/21   Page 8 of 19
Civil No. 20-1152 (RAM)                                              8

An indivisible statute contains a "single, indivisible set of elements[,]" instead of containing alternative elements, "that criminalizes a broader swath of conduct than the relevant generic offense." Descamps v. United States, 570 U.S. 254, 258 (2013). An indivisible statute may also "enumerate[] various factual means of committing a single element." United States v. Faust, 853 F.3d 39, 52 (1st Cir. 2017); see also Mathis v. United States, 136 S.Ct. 2243, 2249 (2016) (providing hypothetical examples of indivisible statutes). Conversely, a statute is considered "divisible" when it "sets out one or more elements of the offense in the alternative[,]" thereby "listing potential offense elements." Descamps, 570 U.S. at 257, 260. A "divisible" statute therefore "comprises multiple, alternative versions of the crime." Id. at 262. Moreover, when "statutory alternatives carry different punishments, then . . . they must be elements." Mathis, 136 S.Ct. at 2256.

To determine whether an indivisible statute is a "crime of violence," courts apply a "categorical approach" that considers "the elements of the crime of conviction, **not the facts of how it was committed**, and assess[es] whether violent force is an element of the crime." United States v. Taylor, 848 F.3d 476, 491 (1st Cir. 2017) (emphasis added). However, for divisible statutes, courts use a "modified categorical approach." This approach is used when certain "alternative elements require the use, attempted

Case 3:03-cr-00073-RAM   Document 346   Filed 02/26/21   Page 9 of 19
Case 3:20-cv-01152-RAM   Document 18   Filed 02/26/21   Page 9 of 19

Civil No. 20-1152 (RAM)                                              9

use, or threatened use of physical force while others do not[.]" King, 956 F.3d at 66. It consists of analyzing a limited set of *Shepard* documents "such as the charging documents, plea agreements, plea colloquies, jury instructions, and verdict forms [...] to determine which of the statute's alternative elements formed the basis of the prior conviction." United States v. Delgado-Sánchez, 849 F.3d 1, 8 (1st Cir. 2017) (quoting United States v. Castro-Vazquez, 802 F.3d 28, 35 (1st Cir. 2015). The objective of looking at those documents is to "determine which of the enumerated alternatives within the statute constituted the actual crime of conviction." King, 965 F.3d at 66 (citation omitted). These documents also help the sentencing court to "compare[] only this specific offense with the relevant generic offense." United States v. Burghardt, 939 F.3d 397, 406 (1st Cir. 2019) (citing Mathis, 136 S.Ct. at 2249). Moreover, "under the modified categorical approach, if the crime of conviction involves the use, attempted use, or threatened use of physical force against the person or property of another, then the offense qualifies a crime of violence under § 924(c)'s force clause." King, 965 F.3d at 66 (citation omitted).

**B. The aggravated offense in 18 U.S.C. § 2114(a) is a "crime of violence" for purposes of 18 U.S.C. § 924(c)(3)(A)'s force clause.**

Gómez-Olmeda contends that the underlying crime to his 924(c)(3) and (j) conviction, 18 U.S.C. § 2114(a), is not a "crime

Case 3:03-cr-00073-RAM   Document 346   Filed 02/26/21   Page 10 of 19
Case 3:20-cv-01152-RAM   Document 18   Filed 02/26/21   Page 10 of 19
Civil No. 20-1152 (RAM)                                              10

of violence" for purposes of 924(c)(3)(A)'s force clause. (Docket No. 2 at 5). The Court disagrees. 18 U.S.C. § 2114(a) *is* a divisible statute with an aggravated offense that is categorically a predicate "crime of violence" under Section 924(c)(3)(A)'s force clause. Application of the modified categorical approach leads to the conclusion that Gómez-Olmeda plead guilty to 18 U.S.C. § 2114(a)'s **aggravated offense**.

18 U.S.C. § 2214(a), also known as the "postal robbery" statute, provides that:

> A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; **and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon,** or for a subsequent offense, **shall be imprisoned not more than twenty-five years**.(Emphasis added).

While the First Circuit has not weighed in on the issue, multiple United States Courts of Appeals have concluded that **18 U.S.C. § 2114(a) is a divisible statute**. As the highlighted text shows, the statute provides for an increased penalty of imprisonment of up to twenty-five years when in the course of the

Case 3:03-cr-00073-RAM   Document 346   Filed 02/26/21   Page 11 of 19
Case 3:20-cv-01152-RAM   Document 18   Filed 02/26/21   Page 11 of 19

Civil No. 20-1152 (RAM)                                              11

assault or robbery the defendant: (1) wounds the person having custody of property of the United States; *or* (2) puts the person's life in jeopardy by the use of a dangerous weapon. *See* United States v. Bryant, 949 F.3d 168, 174 (4th Cir. 2020); Knight v. United States 936 F.3d 495, 498-99 (6th Cir. 2019); United States v. Enoch, 865 F.3d 575, 5801-81 (7th Cir. 2017), cert. denied 138 S.Ct. 1015 (2018); United States v. Thomas, 703 F. App'x 72, 78 (3d Cir. 2017) (affirming appellant's § 924(c) conviction because "the jury had an adequate factual basis to conclude that § 2114(a), committed while using and carrying a firearm, is a crime of violence."); In re Watts, 829 F.3d 1287, 1289-90 (11th Cir. 2016).

Other judges in the District of Puerto Rico have reached the same conclusion. *See* Rojas-Tapia v. United States, 2020 WL 3690398, at *5 (D.P.R. 2020). The Court held therein that "Circuit Courts have determined that 18 U.S.C. § 2114(a) carries a 'separate aggravated offense that includes the wounding **or putting the victim's life in jeopardy by the use of dangerous weapon**.'" Id. (emphasis in original); *see also*, Rojas-Tapia v. United States, 458 F.Supp. 3d 111, 119-121 (D.P.R. 2020). Thus, the Court agrees with the Government's argument that **we are dealing with a divisible statute**. (Docket No. 8 at 7).

The aggravated offense in 18 U.S.C. § 2114(a) is "crime of violence" for Section 924 purposes because "wounding" and putting

Case 3:03-cr-00073-RAM   Document 346   Filed 02/26/21   Page 12 of 19
Case 3:20-cv-01152-RAM   Document 18   Filed 02/26/21   Page 12 of 19
Civil No. 20-1152 (RAM)                                              12

a victim's life "in jeopardy" with a "dangerous weapon" are elements that entail "the use, attempted use, or threatened use of physical force against the person." 18 U.S.C. § 924(c)(3)(A). The Seventh Circuit Court of Appeals ("Seventh Circuit") reached a similar conclusion in United States v. Enoch when it concluded that the second part of 18 U.S.C. § 2114(a) is a crime of violence under Section 924(c)(3)(A)'s force clause in a case involving brandishing of a weapon. *See* Enoch, 865 F.3d at 582. As aptly put by the Seventh Circuit:!

> We cannot see how a defendant can brandish a gun in such a manner as to put the life of a victim in jeopardy **without** committing an offense that "has as an element the use, attempted use, or threatened use of physical force against the person and property of another."

Id. (quoting 18 U.S.C. § 924(c)(3)(A)) (emphasis added). *See also* United States v. Dowd, 451 F.3d 1244, 1252 n.8 (11th Cir. 2006) (holding that the aggravated §2114(a) violations stemming from the fact that the appellant placed the victim's life in jeopardy by using a dangerous weapon "undisputedly describes a crime of violence."); Rojas-Tapia, 2020 WL 36960398, at *5 (holding that Petitioner's conviction under 18 U.S.C. § 2114(a) was a "crime of violence" under Section 924(c)'s force clause because he used firearms and placed the lives of postal employees in danger).

Case 3:03-cr-00073-RAM   Document 346   Filed 02/26/21   Page 13 of 19
Case 3:20-cv-01152-RAM   Document 18   Filed 02/26/21   Page 13 of 19
Civil No. 20-1152 (RAM)                                                    13

Pursuant to the modified categorical approach, the Court reviewed the Indictment and the plea colloquy. (Case No. 03-cr-0073-1, Docket Nos. 7 and 170). These documents show that Goméz-Olmeda was convicted of 18 U.S.C. § 2114(a)'s aggravated offense because Petitioner agreed to plead guilty to the elements of "wounding" A.V.G. and putting A.V.G.'s life "in jeopardy" with a "dangerous weapon" in the course of assaulting an individual that had custody of money of the United States, with intent to rob, steal, or purloin said money. (Case No. 03-cr-0073-1, Docket Nos. 7 at 1-2; 170 at 59-60). Thus, Goméz-Olmeda was charged with and plead guilty to a "crime of violence" under Section 924(c)(3)(A)'s force clause and his Section 924(c) and (j) convictions are valid.

As highlighted by the Government in its Response to the *Successive Motion*, **Gómez-Olmeda entered a straight plea to all six counts in the Indictment**. (Docket No. 8 at 2-3). Count One of the Indictment contained the 18 U.S.C. § 2114(a) offense and charged Gómez-Olmeda and his co-defendants with:

> [A]iding and abetting each other, and, aided and abetted by others to the Grand Jury unknown, did willfully, intentionally and unlawfully assault A.V.G. who lawfully had charge, control, custody of money of the United States, that is, approximately One Thousand Four Hundred Dollars ($1,400.00) with intent to rob, steal, or purloin said money, and in effecting such robbery they wounded A.V.G., the custodian of said money and put his life in jeopardy, by shooting several times A.V.G. and causing his death, all in

Case 3:03-cr-00073-RAM   Document 346   Filed 02/26/21   Page 14 of 19
Case 3:20-cv-01152-RAM   Document 18   Filed 02/26/21   Page 14 of 19

Civil No. 20-1152 (RAM)                                              14

>   violation to Title 18 United States Code Sections 2114 and 2.

(Case No. 03-cr-0073-1, Docket No. 7 at 1-2). As the quoted text evinces, Count One of the Indictment charged the aggravated offense in 18 U.S.C. § 2114(a) because it alleged that Gómez-Olmeda and his co-defendants: (1) wounded the person having custody of property of the United States and (2) put that person's life in jeopardy by the use of a dangerous weapon by shooting and causing his death. Id. Although not required, the indictment **charged Gómez-Olmeda with the predicate offense**. *See* United States v. Frye, 402 F.3d 1123, 1127 (11th Cir. 2005) ("[S]ection 924 does not require that a defendant be convicted of, or even charged with, the predicate offense"). *See also* United States v. Munoz-Fabela, 896 F.2d 908, 911 (5th Cir. 1990) ("[I]t is only the fact of the offense, and not a conviction, that is needed to establish the required predicate.").

Petitioner's Section 924(c) and (j) convictions stem from Count Three of the original Indictment which charged that Gómez-Olmeda and his co-defendants:

>   [A]aiding and abetting each other, and, aided and abetted by others to the Grand Jury unknown, **did willfully, intentionally and unlawfully possess, use or carry a firearm during and in relation to a crime of violence…that is assaulting an individual who lawfully had charge, control, or custody of money of the United States, with intent to rob, steal, or purloin said money, as set**

Case 3:03-cr-00073-RAM   Document 346   Filed 02/26/21   Page 15 of 19
Case 3:20-cv-01152-RAM   Document 18   Filed 02/26/21   Page 15 of 19
Civil No. 20-1152 (RAM)                                              15

> **forth in COUNT ONE herein, which is realleged and incorporated by reference herein, an offense that they could be prosecuted in a court of the United States as a violation to Title 18, United States Code, Section 2114, and, in the course of that crime of violence, the defendants herein unlawfully killed A.V.G., with malice aforethought through the use of a firearm**, which is murder, as defined, in Title 19 United States Code Section 1111, by knowingly, willfully, deliberately and maliciously and with premeditation shooting A.V.G. with a firearm thus causing his death, all in violation of Title 18 United States Code Section 924 (j) and 2.

(Case No. 03-cr-0073-1, Docket No. 7 at 2-3). As seen above, Count Three incorporated Count One of the Indictment by reference and it also *specifically* charged Gómez-Olmeda and his co-defendants with the elements constituting the aggravated offense in 18 U.S.C. § 2114(a) which the Court will not reiterate.

Turning to the plea colloquy, the exchanges between the then presiding judge and Gómez-Olmeda confirm that the latter pled guilty to Count One which contained the aggravated offense in 18 U.S.C. § 2114(a) and to Count Three. (Case No. 03-cr-0073-1, Docket No. 170 at 58-64). Moreover, Gómez-Olmeda agreed with the Government's proffer of the evidence in the case which confirms that he pled guilty to the elements in 18 U.S.C. 2114(a)'s aggravated offense: wounding the victim and placing the victim's life in jeopardy through the use of a dangerous weapon. Id. at 74-79).

Case 3:03-cr-00073-RAM   Document 346   Filed 02/26/21   Page 16 of 19
Case 3:20-cv-01152-RAM   Document 18   Filed 02/26/21   Page 16 of 19

Civil No. 20-1152 (RAM)                                              16

Lastly, and while Petitioner admitted to being the triggerman and to robbing the victim by agreeing with the Government's proffer of its evidence, First Circuit precedent precludes any potential argument that "aiding and abetting" a "crime of violence" does not satisfy 924(c)'s force clause. Id. at 77, 79). According to First Circuit case law, 18 U.S.C. § 2 "makes an aider and abettor 'punishable as the principal,' and thus no different for purposes of the categorical approach than one who commits the substantive offense." United States v. García-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018) (citation omitted). See also Gonzales v. Duenas Alvarez, 549 U.S. 183, 189 (2007) ("[E]very jurisdiction—all States and the Federal Government—has 'expressly abrogated the distinction' among principals and aiders and abettors".); Ocasio-Ruiz v. United States, 2020 WL 4437858, at *9 n. 15 (D.P.R. 2020) ("[T]he fact that Petitioner was charged as an "aider an abettor" does nothing to change the underlying crime's category of "crime of violence".); Rojas-Tapia, 2020 WL 36960398, at *5 (holding that "since the 'separate aggravated offense' of 18 U.S.C. § 2114(a) is a 'crime of violence', the aiding and abetting conviction against Petitioner constitutes a 'crime of violence' in itself."). The Court sees no reason to rule any differently in the case at bar.

Case 3:03-cr-00073-RAM   Document 346   Filed 02/26/21   Page 17 of 19
Case 3:20-cv-01152-RAM   Document 18   Filed 02/26/21   Page 17 of 19
Civil No. 20-1152 (RAM)                                              17

### C. The Court cannot consider Petitioner's challenge to his 18 U.S.C. § 922(g) conviction.

In his *Motion for Default Judgement [sic.] in Support of Petitioner's Second or Successive Application,* Gómez-Olmeda raises an issue that was not included in his *Successive Motion*. (Docket 11-1). Petitioner contends that his conviction as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) must be vacated pursuant to Rehaif v. United States. Id. at 3. In Rehaif, the Supreme Court of the United States held that "in a prosecution under 18 U.S.C. § 922(g) and § 924 (a)(2), the Government must prove that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif v. United States, 139 S.Ct. 2191, 2200 (2019).

The Court notes that the Government failed to respond to Petitioner's Rehaif challenge. Even so, the Court cannot consider Gómez-Olmeda's Rehaif challenge to his 18 U.S.C. § 922(g) conviction due to 28 U.S.C. § 244(b)(3)(A) and the "mandate rule." To file a successive Section 2255 petition, a federal habeas petitioner must obtain authorization from the Court of Appeals. *See* 28 U.S.C. § 244(b)(3)(A). Here, the First Circuit's Judgment authorized Gómez-Olmeda to **"pursue in the district court" a challenge to his § 924(c)/(j) conviction(s) based on Davis, Johnson II, and related precedent."** (Docket No. 1 at 1) (emphasis added). Under the mandate rule, "[a] district court seeking to determine

Case 3:03-cr-00073-RAM   Document 346   Filed 02/26/21   Page 18 of 19
Case 3:20-cv-01152-RAM   Document 18   Filed 02/26/21   Page 18 of 19

Civil No. 20-1152 (RAM)                                              18

the scope of remand must therefore consider carefully 'both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.'" United States v. Santiago Reyes, 877 F.3d 447, 450 (1st Cir. 2017) (citations omitted). Gómez-Olmeda's Rehaif challenge to his 18 U.S.C. § 922(g) conviction is thus outside the letter and spirit of the First Circuit's mandate which pertains solely to his § 924(c)/(j) conviction(s).

### D. No certificate of appealability will be issued.

28 U.S.C.A. § 2253(c)(2) establishes that a District Court judge may only issue a certificate of appealability of a section 2255 proceeding "if the applicant has made a substantial showing of the denial of a constitutional right." In this case, the Court will not issue a certificate of appealability because, for the reasons discussed above, Petitioner failed to make such a showing. See Morales Torres v. United States, 2019 WL 4744217 at *3 (D.P.R. 2019) (denying certificate of appealability in a case dismissing Section 2255 petition because Hobbs Act Robbery is a predicate crime of violence under Section 924 (c)'s force clause).

### IV.  CONCLUSION

Based on the foregoing, Petitioner's successive *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Docket No. 2) is **DENIED**. Judgment of dismissal **WITH PREJUDICE** will be entered accordingly.

Case 3:03-cr-00073-RAM   Document 346   Filed 02/26/21   Page 19 of 19
Case 3:20-cv-01152-RAM   Document 18   Filed 02/26/21   Page 19 of 19
Civil No. 20-1152 (RAM)                                              19

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of February 2021.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
