IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

[1] DAVID GÓMEZ-OLMEDA,

Defendant.

CRIMINAL NO. 3-73-1(RAM)

OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant David Gómez-Olmeda's ("Defendant" or "Mr. Gómez-Olmeda") *Motion for Compassionate Release* ("*Motion*"). (Docket No. 428). For the reasons set forth below, the *Motion* is **GRANTED** and Mr. Gómez-Olmeda's sentence is reduced to 360 months of imprisonment to be followed by five (5) years of supervised release.

I.    PROCEDURAL BACKGROUND

On March 12, 2003, a Grand Jury returned a 6-count indictment charging Mr. Gómez-Olmeda and his co-defendants with robbing and murdering A.V.G., a confidential informant. (Docket No. 7). Defendant was charged with: assault with intent to rob or robbery of mail, money or other property of the United States in violation of 18 U.S.C. §§ 2114 and 2 (Count 1); robbery or attempted robbery

of personal property of the United States in violation of 18 U.S.C. §§ 2112 and 2 (Count 2); use of a firearm in connection with a crime of violence resulting in death of a person in violation of 18 U.S.C. §§ 924(j) and 2 (Count 3); destruction or attempted destruction by fire of a vehicle owned, possessed or leased by the United States in violation of 18 U.S.C. §§ 844(f)(1) and 2 (d) (Count 4); injury or depredation against any property of the United States in violation of 18 U.S.C. §§ 1361 and 2 (Count 5); and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 6). Id. at 1-5.

Defendant entered a straight plea of guilty as to all six counts on November 12, 2003. (Docket No. 156). Judgment was entered on September 29, 2004, and Mr. Gómez-Olmeda was sentenced to life in prison by Judge José A. Fusté. (Docket No. 250).[1] If ever released, he is subject to concurrent supervised release terms of five (5) years as to Counts 1 and 3, and three (3) years as to counts 2, 4, 5, and 6. Id.

Defendant timely appealed, questioning the validity of his guilty plea and of his sentence. See (Docket No. 252). The First Circuit rejected Mr. Gómez-Olmeda's arguments and affirmed Judge Fusté's sentence. See United States v. Forteza-García, 2006 WL 4399664 (1st Cir. 2006); (Docket No. 275).

---

[1] The case was transferred to the undersigned on March 13, 2020. (Docket No. 333).

Criminal No. 03-073-1(RAM)                                           3

___

After his failed direct appeal from Judge Fusté's sentence, Mr. Gómez-Olmeda has filed successive and unsuccessful Section 2255 petitions as well as motions for compassionate release. *See* (Docket Nos. 267, 291, 346, 370, and 376). Defendant's *Motion to Reduce Sentence* at Docket No. 376 was referred to United States Magistrate Judge Bruce J. McGiverin pursuant to the provisions of the *Administrative Directive Regarding Amendment 821*. (Docket No. 377); *see also* 23-mc-565, (Docket No. 1). On May 30, 2024, Magistrate Judge McGiverin issued a *Report and Recommendation* ("*R&R*") concluding that Mr. Gómez-Olmeda may have been eligible for a sentence reduction under Amendment 821. (Docket No. 387). One week later, Defendant and the United States of America (the "Government") filed a stipulation recommending that Mr. Gómez-Olmeda's sentence be reduced to 360 months. (Docket No. 390). On August 21, 2024, the Court denied Defendant's *Motion to Reduce Sentence* at Docket No. 376. (Docket No. 393).

On March 26, 2026, Mr. Gómez-Olmeda filed his *Motion*. (Docket No. 428). The Government did not file an opposition.

## II. LEGAL STANDARD

### A.    Amendment 821

18 U.S.C. 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the

Criminal No. 03-073-1(RAM)                                             4

> defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id.

As the text of the statute makes plain, evaluation of a sentence reduction under Section 3582(c)(2) requires that the Court determine "if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements." United States v. Llanos Cortes, 2023 WL 8372815, at *2 (S.D. Fla. 2023), appeal dismissed sub nom. United States v. Cortes, 2024 WL 1208517 (11th Cir. 2024). It also requires that the Court "consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence." Id.

Pursuant to the policy statement in United States Sentencing Guideline § 1B1.10, a sentence reduction is not authorized if the guideline amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The policy statement further provides that proceedings under Section 3582(c) and the policy statement "do not constitute a full resentencing of the defendant." Id. § 1B1.10(a)(3). Unless substantial assistance to the authorities

was provided, the Court cannot reduce a Defendant's sentence "to a term that is less than the minimum of the amended guideline range determined [under Amendment 821]." Id. § 1B1.10(b)(2)(A)-(B). Also, the Court cannot reduce a sentence to a term that is "less than the term of imprisonment the Defendant has already served." Id. § 1B1.10(b)(2)(C).

### III. ANALYSIS

While Defendant's *Motion* is styled as a *Motion for Compassionate Release*, Mr. Gómez-Olmeda advances a series of arguments for sentence reduction that are evaluated pursuant to Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. 3582(c)(2). Therefore, the Court will consider Defendant's eligibility for relief under that authority.

### A.   Eligibility

Mr. Gómez-Olmeda's eligibility is not in dispute. According to the unobjected-to *R&R*, Defendant received four (4) criminal history points which placed him at a Criminal History Category of III. (Docket No. 387 at 3). Two (2) of the points were for committing the offenses of conviction in this case while under a criminal justice sentence. Id. Under Amendment 821, Defendant would not have received those two (2) points, resulting in a Criminal History Category of II. That modified Criminal History Category of II, coupled with a Total Offense Level of 40, yields

an amended Guideline Sentencing range of 324-405 months, as opposed to the original 360 months to life guideline sentencing range.

### B.    Section 3553(a) Factors

Section 3553(a) lays out the factors a court must consider when imposing sentence. These factors include, but are not limited to: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to, among other things, "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; the need to protect the public from further crimes of the defendant; and consideration for any pertinent policy statements, such as United States Sentencing Guideline § 1B1.10. 18 U.S.C. § 3553(a)(1)-(2). Having considered these factors and Defendant's arguments and documents, and having grappled with each factor's weight in favor or against sentence reduction, the Court finds that a sentence reduction is warranted in this case.

Mr. Gómez-Olmeda's history and characteristics weigh against a sentence reduction because the offenses of conviction in this case are neither Mr. Gómez-Olmeda's first brush with the law nor his first violent offense resulting in the illegal taking of another person's life. On July 13, 1999, Defendant was convicted of two felony offenses before the Court of First Instance of the Commonwealth of Puerto Rico, Carolina Superior Part. (Docket No.

203 ¶¶ 21-23). These felonies pertained to illegally possessing and transporting a stolen Browning pistol. Id.

Then, on May 3, 2001, before the Court of First Instance of the Commonwealth of Puerto Rico, Carolina Superior Part, Mr. Gómez-Olmeda was sentenced for homicide in a case just as harrowing as the case at bar. Id. ¶ 23. In that offense, the Defendant hit his victim with a tube, after which other individuals assisting him arrived and kicked the victim in the face, causing the victim's death. Id.

Likewise, the nature and circumstances of the offenses in the case at bar are serious, appalling, and also weigh against a sentence reduction. According to the unobjected-to Offense Conduct section of the *Pre-Sentence Investigation Report* ("PSR"), Mr. Gómez-Olmeda was targeted for investigation as a drug and firearms trafficker. Id. ¶ 4. His co-defendants Angel Forteza-García and Miguel Forteza-García were targeted as well. Id. From February 23, 2003 through March 4, 2003, the confidential source and eventual victim, A.V.G., communicated with Mr. Gómez-Olmeda to schedule a purchase of a handgun. Id. On March 4, 2003, A.V.G. met with Defendant to negotiate the purchase of a Glock pistol. Id. ¶ 5. Mr. Gómez-Olmeda induced A.V.G. to get into a van, after which he also entered the van, pulled a weapon, and started firing at A.V.G. Id. ¶ 6. After moving the victim within the van and rummaging through his pockets, the defendants drove to Mr. Gómez-Olmeda's

house and burned A.V.G.'s body and the van to obliterate the evidence. Id. ¶ 7-8.

Despite this appalling background, Petitioner has shown extraordinary post-sentence rehabilitation efforts weighing in favor of a sentence reduction. Mr. Gómez-Olmeda has worked diligently with the opportunities available to him and has demonstrated a remarkable commitment to his education while incarcerated; at the time of writing, he has completed fifty (50) courses while in BOP custody, including vocational courses and, importantly, courses on anger management, criminal thinking, and alternatives to violence. (Docket No. 376-1 at 4). While Defendant's disciplinary record is imperfect,[2] his previous infractions were nonviolent, and he has maintained clear conduct for over five (5) years. Id. at 5. He also has a low-risk recidivism level, according to the BOP. Id. at 2. Defendant's BOP *Summer Reentry Plan Progress Report* states that Mr. Gómez-Olmeda "engages in accurate self-appraisal by acknowledging and correcting irrational thinking patterns [. . .] obeys institutional rules and regulations [. . .] is able to identify and access community resources for basic needs [and] acknowledges and appropriately corrects criminal thinking patterns and behaviors." Id.

---

[2] Defendant has had two incident reports while incarcerated—one for being in an unauthorized area (2009) and one for mail abuse (2017). (Docket No. 376-1 at 4).

Defendant's UNICOR supervisor emphasizes Mr. Gómez-Olmeda's respect to staff members and his mentorship of new hires, id. at 6, while Defendant's chaplain since 2019 has spoken of Mr. Gómez-Olmeda's embrace of faith and genuine repentance. Id. These efforts persuade the Court that a sentence reduction would not cause an intolerable risk of danger from Defendant to any specific person or the community. *See* United States v. Viera-Rivera, 2025 WL 1177644 (D.P.R. 2025).

Defendant has also submitted letters of support from his community, at home and within the BOP, and from his mother, sister, and daughter. Id. As to his release plan, Mr. Gómez-Olmeda has secured a job in New York, where he hopes to reside if he is ever released. (Docket No. 376-2 at 6). The Government, for its part, did not oppose the current Motion, and it previously filed a *Stipulation Regarding Modification of Sentence Amendment 821* whereby it agreed to a reduced sentence of 360 months. While the Court does not minimize that Defendant was involved in the taking of two lives, his rehabilitation efforts, support from the community, and job security show that he has turned his life around and will strive to become a productive member of society upon his release. Lastly, A.V.G.'s parents have written a letter stating that they do not oppose Mr. Gómez-Olmeda's release. Id. at 29.

All told, balancing Mr. Gómez-Olmeda's eligibility for a sentence reduction pursuant to Amendment 821 and his substantial

showing of post-sentence rehabilitation against the heinous nature of his underlying crimes, the Court concludes that Defendant's sentence should be reduced to 360 months' imprisonment, a sentence in the middle of his current sentencing guideline range that is also within his original sentencing guideline range, to be followed by five (5) years of supervised release. The reduced sentence of 360 months comports with the stipulation at Docket No. 390. It also exceeds the mean sentence of 300 months for defendants with the same primary guideline, offense level, and criminal history category per the JSIN database. The 60-month variance from the mean is amply justified by the offense conduct in this case. Therefore, the reduced sentence would still provide for just punishment, promote respect for the law, reflect the seriousness of Mr. Gómez-Olmeda's offense, protect the public from further crimes by the Defendant, and be sufficient but not greater than necessary to achieve these goals, as required by 18 U.S.C. § 3553. *See also* United States v. Rodriguez, 492 F. Supp. 3d 306 (S.D.N.Y. 2020).

### IV.  CONCLUSION

For the foregoing reasons, Defendant David Gómez-Olmeda's *Motions for Compassionate Release* at Docket No. 428 is **GRANTED.** Defendant's sentence is reduced to 360 months of imprisonment to be followed by five (5) years of supervised release under the same conditions originally imposed on him. Given the Court's decision

to reduce Defendant's sentence pursuant to Amendment 821 and the § 3553(a) factors, the Court need not address Defendant's remaining arguments for compassionate release.

In San Juan, Puerto Rico, this 21st day of May 2026.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge